JAMES A. WENDLAND, District Attorney, Dunn County
You request my opinion on four questions relating to eligibility of members of a county board and of a city council to also serve, during the terms for which they were elected, on the board of a joint county-city hospital.
You state that Dunn County and the City of Menomonie jointly own and operate a hospital pursuant to sec. 66.47, Stats. Two members of the hospital board are also members of the county board, having been appointed by the county board chairman and confirmed by the county board during their terms as county board supervisors. One member of the hospital board is also a city council member and was such a member when appointed to the hospital board by the mayor and confirmed by the city council.
 Section 66.11 (2), Stats., provides: *Page 146 
 "(2) Eligibility of other officers. Except as expressly authorized by statute, no member of a town, village or county board, or city council shall, during the term for which he is elected, be eligible for any office or position which during such term has been created by, or the selection to which is vested in, such board or council, but such member shall be eligible for any elective office. The governing body may be represented on city or village boards and commissions where no additional remuneration is paid such representatives and may fix the tenure of such representatives notwithstanding any other statutory provision. This subsection shall not apply to a member of any such board or council who resigns from said board or council before being appointed to an office or position which was not created during his term in office." (Emphasis added.)
1. Does a hospital board created pursuant to sec. 66.47, Stats., come under the legal classification or category of "board" as that term is used in the first sentence of sec. 66.11 (2), Stats.?
The answer is "no." The word "board" is used in two places in the first sentence of sec. 66.11 (2), Stats. In each case it means town, village or county board.
2. Does the selection process of hospital board members set forth in sec. 66.47 (5), Stats., fall within the definition of "selection to which is vested in, such board or council" as used in sec. 66.11 (2), Stats.?
I am of the opinion that it does.
Section 66.47 (5), Stats., provides:
 "(5) Hospital board. The ordinance shall provide for the establishment of a joint county-city hospital board to be composed as follows: 2 to be appointed by the county board chairman and confirmed by the county board, one for a one-year and one for a 2-year term; 2 by the mayor or other chief executive officer and confirmed by the city council, one for a one-year and one for a 2-year term; and one jointly by the county board chairman and the mayor or other chief executive officer of the city or cities, for a term of 3 years, confirmed by the county board and the city council or councils. Their respective successors shall be appointed and confirmed in like manner for terms of 3 years. All appointees shall serve until their successors *Page 147 
are appointed and qualified. Terms shall begin as specified in the ordinance. Vacancies shall be filled for the unexpired term in the manner in which the original appointment was made."
It is not necessary that the selection be wholly vested in such board or council for the proscription to apply. The act of confirmation is a significant part of such process. The county board must act to confirm the appointees of the county board chairman and the joint appointee of the mayor and county board chairman. The city council must confirm the appointees of the mayor and the joint appointee of the mayor and county board chairman.
3. Can a county board member serve on a joint county-city hospital board during the term for which he was elected?
The answer is "no." He can neither be appointed by the county board chairman and confirmed by the county board, appointed by the chairman and mayor and confirmed by both boards, or appointed by the mayor and confirmed by the council. In the first two cases he is ineligible to serve on the hospital board by reason of sec. 66.11 (2), Stats. In the last instance he would be eligible to serve on the hospital board, since the selection was not vested in the county board, but would lose his eligibility to continue to serve as county supervisor by reason of sec. 59.03 (4), Stats., which provides:
 "(4) Compatibility. No county officer or employe is eligible to the office of supervisor, but a supervisor may also be a member of a town board, the common council of his city or the board of trustees of his village."
It is unlikely that a county board supervisor would be selected by the mayor and council. However, I am of the opinion that a member of a joint county-city hospital board is a county officer within the meaning of sec. 59.03 (4), Stats. Members of the joint board take an oath which is filed with the county clerk. Sec. 66.47 (7), Stats. Consequently if a county supervisor were to accept appointment to the hospital board as an appointee of the county board chairman, county board chairman and mayor, or mayor, and would assume such office, he would vacate the office of supervisor. Under common law, if one holding public office accepts another incompatible with the one which he holds, he thereby vacates the first office. State ex rel. Martin v. Smith,239 Wis. 314, 1 N.W.2d 163 (1941). *Page 148 
4. Can a city council member serve on a joint county-city hospital board during the term for which he is elected?
I am of the opinion that such member can. I am of the further opinion, however, that such member could receive no additional remuneration for such service over and above that provided as council member if he were appointed by the mayor and confirmed by the council or jointly appointed by the mayor and county board chairman and confirmed by the county board and council. In the unlikely event that a council member were appointed by the county board chairman and confirmed by the county board, I am of the opinion that such member could receive additional remuneration, over and above his compensation as council member, from the hospital board for service on such board as provided in the ordinance creating the hospital. See secs. 66.47 (1), (2) and (7), Stats.
The second sentence of sec. 66.11 (2), Stats., provides in part:
 ". . . The governing body may be represented on city or village boards and commissions where no additional remuneration is paid such representatives . . . ."
It is noted that the exception does not include counties. I am of the opinion that a joint county-city hospital board would constitute a "city board" within the meaning of sec. 66.11 (2), Stats., and that a council member appointed by the mayor and confirmed by the council or appointed by the mayor and county board chairman and confirmed by the county board and council could be considered as representing the governing body of the city so that the exception would apply.
BCL:RJV